IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-460-BO

| | | |
|---|---|---|
| ANITA AVRITT THOMAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVID THOMAS, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to remand and defendant's motion to dismiss for improper venue. The appropriate responses and replies have been filed, and the matters are ripe for ruling. For the reasons that follow, this action is remanded to Wake County, North Carolina District Court.

## BACKGROUND

Plaintiff instituted this action by filing a complaint in the District Court for Wake County, North Carolina on August 6, 2019. [DE 1-4]. Plaintiff's complaint alleges claims for breach of contract, specific performance, and attorney fees arising out of defendant's alleged failure to make alimony payments as provided by the parties' separation agreement. The separation agreement provides for a schedule of alimony payments to be paid by defendant to plaintiff until the first of three terminating events: the death of either party, the date defendant reaches the age of sixty-five, or the first day of the month after defendant begins to draw social security. Plaintiff alleges that, as of the filing of her complaint, defendant's alimony payments were in arrears in the amount of $5,155.22. As relief, plaintiff requests that the court order defendant to pay the outstanding alimony arrears owed, that it order defendant to pay alimony to plaintiff as set out in the agreement,

and that it order defendant to pay plaintiff's reasonable attorney fees, which are recoverable under the separation agreement.

On October 17, 2019, defendant removed plaintiff's action to this Court on the basis of its diversity jurisdiction. 28 U.S.C. § 1332; [DE 1].

## DISCUSSION

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Upon removal of a state action to federal court, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). When considering whether a removal is proper, the Court must remand the case if federal jurisdiction is doubtful, as removal jurisdiction raises significant federalism concerns. *Mulcahey*, 29 F.3d at 151.

> If diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (internal quotations, alterations, and citations omitted). Whether a case is removable is determined by the state of the pleadings and the record at the time of the removal. *Id.*

Plaintiff does not contend that the parties are not diverse. Thus, the issue before the Court is whether the amount in controversy has been satisfied sufficient to confer federal jurisdiction over this action. Plaintiff's demand in her complaint for payment of the alimony arrears is for $5,155.22. Plaintiff contends that defendant now owes additional alimony in the amount of

2

$5,573.40, covering the period of August 1, 2019, through November 12, 2019. As of November 12, 2019, plaintiff states that she has incurred $7,432.53 on attorney fees related to the enforcement of the separation agreement. Thus, as of the date of filing of her motion to remand, plaintiff seeks damages in the amount of $18, 161.15, far less that the jurisdictional amount required.

In addition to her claim for payment of the arrears and attorney fees, plaintiff also seeks to enforce the terms of the separation agreement by requesting defendant be ordered to pay plaintiff alimony as set out by the separation agreement. "[R]equests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). This can be done by considering the larger of the injunction's worth to the plaintiff or the injunction's cost to the defendant. *Id.* Plaintiff contends that defendant has not carried his burden to demonstrate that the value of plaintiff's claims exceeds $75,000 because future alimony payments under the separation agreement are uncertain in light of one of the agreement's terminating provisions, namely, the death of either plaintiff or defendant.

The Court agrees. Whether plaintiff has the right to recover a sufficient amount of alimony from defendant into the future to satisfy the amount in controversy requirement is too speculative to satisfy defendant's burden. *See, e.g., Gonzalez v. Fairgale Properties Co., N.V.*, 241 F. Supp. 2d 512, 518 (D. Md. 2002); *Can-Dev, ULC v. SSTI Brewster Brampton, LLC*, No. 1:15-CV-1060, 2016 WL 8467196, at *2 (M.D.N.C. Sept. 12, 2016). Moreover, the primary relief plaintiff seeks is payment of the amount of alimony in arrears and her associated attorney fees. While plaintiff includes a claim for injunctive relief in her complaint, specifically an order compelling defendant to pay alimony going forward as set out in the separation agreement, "the Ninth Circuit has observed that it is inappropriate to include the cost of complying with an injunction in the amount

3

in controversy, when injunctive relief is not the primary relief sought, because otherwise 'every incidental request for injunctive relief would satisfy the amount-in-controversy requirement.'" *Rosbacka v. John Johnson's Cars*, No. 3:16-CV-1086-GPC-WVG, 2016 WL 7046502, at *6 (S.D. Cal. Dec. 5, 2016) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 860-61 (9th Cir. 2001)).

Bearing in mind that any doubt regarding jurisdiction should be construed in favor of remand, the Court allows plaintiff's request for remand based on defendant's failure to sufficiently establish that the amount in controversy exceeds $75,000.

Additionally, the domestic relations exception to federal jurisdiction applies and would counsel remand even if the amount in controversy exceeds $75,000. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992). Contrary to defendant's argument, this is not a simple breach of contract action. Rather, plaintiff's claims concern whether defendant's duties under the separation agreement to pay alimony have been breached. *Cole v. Cole*, 633 F.2d 1083, 1089 (4th Cir. 1980). Such an action falls plainly within the domestic relations exception, *id.*, and this case is appropriately remanded on that basis as well.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to remand [DE 14] is GRANTED. This action is REMANDED in its entirety to the District Court for Wake County, North Carolina. In light of remand, the Court declines to rule on defendant's motion to dismiss.

SO ORDERED, this 24 day of January, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4